# 12 CV 0727

U.S. DISTRICT COURT FOR SOUTHERN DISTRICT OF NEW YORK
NEW YORK, NEW YORK

-------------------------------------------------------------------------------------

Marcia Rafter

v.                                                              *Jury Trial Demanded*

Rachel Seligman Weiss
Michael Cardozo
Muriel Goode-Trufant
Cyrus Vance
Robert Morgenthau
Irvin Noak
City of New York
Gabriel Harvis
Jessica Cohen
Jordan Smith
Summit Sud
Raymond Kelly
Phil Pulaski
Larry Nikunen
Thomas Moroney
State of New York
Sean Byrne
Eric Scneiderman
Andrew Cuomo
Steven Anger
Timothy Beaudette

-------------------------------------------------------------------------------------

Plaintiff submits this complaint and alleges as follows:

1. This court has jurisdiction both by diversity of citizenship and violations of the RICO act, Title 18 of U.S. Code.

2. On 5/20/2003 the court dismissed a case against Plaintiff, and on 5/20/2003 the court ordered the case and all files sealed under NYCPL160.50.

3. In May 2004 Plaintiff commenced a lawsuit against Defendant Irvin Noak-- suing him as a private individual-- in this present federal court. The grounds of the lawsuit were false arrest, false imprisonment, assault, malicious prosecution. This lawsuit was based on Defendant Noak's misconduct; on the basis of no evidence Defendant Noak falsely arrested, falsely imprisoned, assaulted, and maliciously prosecuted Plaintiff for grand larceny because Plaintiff wanted to withdraw funds from her savings account.  On 5/20/2003 the court --on a motion to dismiss by the D.A.-- dismissed Defendant Noak's phony case against Plaintiff; and on 5/20/2003 the court ordered the case and all files sealed under NYCPL 160.50.

1

4. Before Plaintiff ever signed any releases for the sealed files--sealed by the court on 5/20/2003--, Defendant Noak accessed the sealed files, stole the sealed files, and showed the sealed files to people. Defendant Noak also xeroxed the sealed files and gave the copies of the sealed files out to people. These individuals also showed the sealed files to others and subsequently xeroxed the sealed files and gave out copies of the sealed files.

5. In November 2011 Defendant Noak testified that he distributed the sealed file to Michael Broshcart in July 2005.

6. In November 2011 Michael Broshchart, a private investigator,-- hired by co- defendants' attorney Laura Endrizzi--, testified that he obtained the sealed files from Defendant Noak in July 2005. The private investigator-- Michael Broshchart-- testified under oath that Defendant Noak let him view the sealed files at a meeting at midtown north precinct on July 14, 2005 and that Defendant Noak then gave him a xerox copy of the sealed files to take with him

7. Broshchart testified to immediately sending Laura Endrizzi copies of the sealed files. Broshchart also xeroxed the sealed files and gave the sealed files to others. Laura Endrizzi is an attorney employed by a firm called Congdon Flaherty. *At no time did Plaintiff ever sign any releases for Broshcart and the subsequent others –excluding Endrizzi—to whom Broshchart distributed the sealed file.*

*Broschart and others are still in illegal possession of the sealed file because of Defendant Noak's actions and these people can easily distribute the sealed file.*

8. In November 2011 Defendant Noak testified that he stole the sealed file from the file cabinets of midtown north precinct in May 2005. Defendant Noak testified to leaving the precinct with the stolen sealed file and giving the stolen sealed file in May 2005 to Defendant Seligman Weiss –attorney for City of New York.

9. In November 2011 City of NY attorney Defendant Seligman Weiss testified to receiving the stolen sealed file from Defendant Noak in May 2005. Defendant Seligman Weiss was fully aware that the file was sealed and that she was receiving stolen documents. Defendant Seligman Weiss became an accessory to Defendant Noak's crimes when she took receipt of the stolen file, failed to report Defendant Noak to the D.A., police, or the court. Instead Defendant Seligman Weiss covered up Defendant Noak's crimes and her own subsequent crimes.

10. Defendant Seligman Weiss was fully aware that the sealed files were stolen documents. Defendant Seligman Weiss had been trying to compel Plaintiff to sign releases-- Defendant Seligman Weiss not only submitted papers to the court on these matters but also participated in taped telephone conferences with the court on these matters. Defendant Seligman Weiss tried to have Plaintiff's case dismissed for refusing to sign these releases.

11 Defendant Seligman Weiss received the stolen sealed files before Plaintiff ever signed the releases. Defendant Seligman Weiss and city attorneys had the stolen sealed files in their possession when they attempted to have the court compel Plaintiff to sign the releases and to have the court dismiss Plaintiff's case.

2

12.  Plaintiff refused to do sign any releases until Defendants agreed to a confidentiality stipulation on 1/26/2006.  Plaintiff finally signed the releases in February 2006.

13.  On 1/26/2006 the court ordered City attorneys to obtain the sealed files and to produce copies of the sealed files to Endrizzi and to Plaintiff.

14. City attorneys did not produce the sealed files until April 2007. In a taped telephone discovery conference in April 2007 Defendant Seligman Weiss stated that she did not obtain the files by subpoena. Both Defendants Cohen and Seligman Weiss were ordered by the court twice to divulge from where the sealed files were obtained. They refused to comply. The attorneys involved are Officers of the court. They had a duty to immediately inform the court, police, D.A., and Plaintiff of the stolen sealed files.

15. Defendant Noak was deposed prior to Plaintiff's learning of his violations of NYCPL 160.50.  However, Defendant Noak testified falsely at his deposition that no police officer can obtain files sealed under NYCPL 160.50.

16. Defendants have committed fraud against Plaintiff. Plaintiff relied on Defendants to seal and keep sealed the case and files as ordered by the court on 5/20/2003. Defendants failed to properly seal and keep sealed the case and file and to guard against theft. In addition defendants committed further fraud against plaintiff by failing to act in good faith throughout the litigation of the case and committing perjury, stealing sealed files, distributing sealed files, covering up crimes, also willfully and knowingly provided Plaintiff with wrong information causing Plaintiff to depose incorrect witnesses and causing Plaintiff to not be able to properly prepare and litigate her case. Defendants also destroyed documents and tampered with witnesses. Defendants have acted in bad faith and acted criminally. The court also relied on Defendants to act in good faith; and instead Defendants also deliberately committed fraud the court.

17.  Defendants City of New York, Steven Anger, Moroney, Kelly,Pulaski, Beaudette, Nikunen failed to properly train, supervise and discipline Defendant Noak not to commit fraud, not to lie, not to steal, not to let others view sealed files and not to distribute and xerox copies of sealed files.  Defendants City of New York, Steven Anger, Moroney, Kelly,Pulaski, Beaudette, Nikunen  also failed to train Defendant Noak not to commit criminal acts and not to perjure himself. Defendants City of New York, Steven Anger, Moroney, Kelly,Pulaski, Beaudette, Nikunen are negligent in hiring and retaining Defendant Noak. Defendant Noak has been  sued numerous times for misconduct and has had dozens of complaints and notices of claim filed against him for misconduct. Defendants City of New York, Steven Anger, Moroney, Kelly,Pulaski, Beaudette, Nikunen  have failed to take any action against Defendant Noak and failed to protect innocent people from Defendant Noak's criminal activities.

18. Defendant City of New York also failed to properly train , supervise, and discipline Defendants Seligman Weiss, Cohen, Sud, Smith, Goode-Trufant, Harvis and Cardozo  not to commit fraud, not to steal sealed files, not to lie, not to abuse power, not to abuse the process, not to let others view sealed files and not to distribute and xerox copies of sealed files.  The City of New York also failed to train Defendants Seligman, Cohen, Sud, Smith Goode-Trufant, Harvis and Cardozo not to commit criminal acts, not to cover up criminal acts,  and to not condone perjury and encourage perjury, not to lie, not to abuse power, and not to abuse the process. In

July 2007 Defendants Seligman, Cohen fully condoned and encouraged Defendant Noak's perjury and fraud at Defendant Noak's deposition. Defendants Seligman, Cohen, Sud, Smith, Goode-Trufant, Harvis and Cardozo are all Officers of the court. They have violated the law and their professional ethical responsibilities. They should be disbarred for their actions. Defendant City of New York also acted negligently in retaining Defendants Seligman Weiss, Cohen, Sud, Smith, Goode-Trufant, Harvis and Cardozo. Defendants Ccardozo and Goode-Trufant are supervisors and they acted negligently and breached their duties abd fiduciary duties by failing to properly train , supervise, and discipline Defendants Seligman Weiss, Cohen, Sud, Smith,and Harvis.

19. Defendants Seligman Weiss, Cohen, Sud, Smith, Goode-Trufant, Harvis and Cardozo also willfully and knowingly delayed Plaintiff's case. Defendants Seligman, Cohen, Sud, Smith, Goode-Trufant, Harvis and Cardozo also willfully and knowingly refused to produce documents to Plaintiff. Defendants Seligman, Cohen, Sud, Smith, Goode-Trufant, Harvis and Cardozo also willfully and knowingly altered documents that they produced to Plaintiff. Defendants Seligman, Cohen, Sud, Smith, Goode-Trufant, Harvis and Cardozo have willfully and knowingly made false statements and representations to the court and to Plaintiff. Defendants Seligman, Cohen, Sud, Smith, Goode-Trufant, Harvis and Cardozo also willfully and knowingly provided Plaintiff with wrong information causing Plaintiff to depose incorrect witnesses and causing Plaintiff to not be able to properly prepare and litigate her case. Defendants also destroyed documents and tampered with witnesses. Defendants Seligman Weiss, Cohen, Sud, Smith, Goode-Trufant, Harvis and Cardozo  have acted in bad faith and acted criminally. Defendants Seligman, Cohen, Sud, Smith , Goode-Trufant, Harvis and Cardozo  have lied to the court and to Plaintiff. Defendants Seligman Weiss, Cohen, Sud, Smith, Goode-Trufant, Harvis and Cardozo  have also deliberately deceived Plaintiff and the court and have delayed Plaintiff's case for their own personal gain. Cohen, Sud, Smith, Goode-Trufant, Harvis, and Cardozo are also accessories to Seligmanis and Noak crimes for failing to report Seligman and Noak to the D.A., police, or court.

20. Defendants City of New York, Steven Anger, Moroney, Kelly,Pulaski, Beaudette, Nikunen  failed to comply with court's order to seal the case and all files and failed to properly seal, safeguard and care for sealed files as directed by the court on 5/20/2003. Defendants City of New York, Steven Anger, Moroney, Kelly,Pulaski, Beaudette, Nikunen  acted negligently and failed to perform their duties.  Defendants City of New York, Steven Anger, Moroney, Kelly,Pulaski, Beaudette, Nikunen breached their duties and their fiduciary duties.

21. Defendants Vance, Morgenthau, State of NY, Cuomo, Byrne, and Schneiderman failed to comply with court's order to properly seal the case and all files and failed to properly seal,  safeguard and care for sealed files as directed by the court on 5/20/2003. Defendants Vance, Morgenthau, State of NY, Cuomo, Byrne, and Schneiderman  acted negligently and failed to perform their duties. Defendants Vance, Morgenthau, State of NY, Cuomo, Byrne, and Schneiderman breached their duties and their fiduciary duties. Vance, morgenthau, State of NY, Cuomo, Byrne, and Schneiderman also failed to perform their duties when they did not prosecute Noak and Seligman Weiss .

22. A notice of claim has been filed with City of NY.  A letter was also sent to Defendant Cuomo stating facts of this complaint and as allowed by law establishing Plaintiff's right to an extension of time to file the complaint against State of NY.

4

23. Plaintiff asserts the doctrines of promissory estoppel, equitable estoppel, equitable tolling, the doctrine of continuing wrong and the doctrine of continuing violations.

24. Plaintiff sues for character defamation, slander, libel, humiliation, invasion of privacy, harassment, infliction of emotional distress, negligence, breach of duty, abuse of power, abuse of process, breach of fiduciary duty, violations of NYCPL160.5O, violations of the RICO acts, fraud, and violations of Section 487 of the NYSJL and to recover damages plaintiff would have received in the underlying case if defendants had not tampered with witnesses and evidence. Plaintiff also seeks punitive damages.

Plaintiff seeks to recover $50 Million Dollars in damages and $50 Million Dollars in punitive damages and any further relief the court deems just and proper.

## FIRST CAUSE OF ACTION

Plaintiff restates and realleges all allegations of paragraphs 1 through 24 and states that defendants committed fraud. Plaintiff seeks damages from defendants for these actions.

## SECOND CAUSE OF ACTION

Plaintiff restates and realleges all allegations of paragraphs 1 through 24 and states that defendants committed acts in violation of the RICO Statutes and in violation of Title 18 of U.S.C. Plaintiff seeks damages for these actions under the Rico Statute and Title 18 of the U.S.C. and Plaintiff seeks treble damages as allowed by law.

## THIRD CAUSE OF ACTION

Plaintiff restates and realleges all allegations of paragraphs 1 through 24 and states that defendants were negligent. Plaintiff seeks damages from defendants for these actions.

## FOURTH CAUSE OF ACTION

Plaintiff restates and realleges all allegations of paragraphs 1 through 24 and states that defendants defamed Plaintiff's character and reputation and defendants slandered and libeled Plaintiff. Plaintiff seeks damages from defendants for these actions.

## FIFTH CAUSE OF ACTION

Plaintiff restates and realleges all allegations of paragraphs 1 through 24 and states that defendants harassed and humilated Plaintiff. Plaintiff seeks damages from defendants for these actions.

## SIXTH CAUSE OF ACTION

Plaintiff restates and realleges all allegations of paragraphs 1 through 24 and states that defendants inflicted emotional distress and hardship on Plaintiff. Plaintiff seeks damages from defendants for these actions.

SEVENTH CAUSE OF ACTION

Plaintiff restates and realleges all allegations of paragraphs 1 through 24 and states that defendants breached their fiduciary duty. Plaintiff seeks damages from defendants for these actions.

EIGHTH CAUSE OF ACTION

Plaintiff restates and realleges all allegations of paragraphs 1 through 24 and states that defendants violated Section 487 of the NYSJL.; Plaintiff seeks these treble damages from defendants for their actions as provided by Section 487 of the NYSJL .

NINTH CAUSE OF ACTION

Plaintiff restates and realleges all allegations of paragraphs 1 through 24 and states that defendants invaded plaintiff's privacy and violated plaintiuff's rights to privacy. Plaintiff seeks damages from defendants for these actions.

TENTH CAUSE OF ACTION

Plaintiff restates and realleges all allegations of paragraphs 1 through 24 and states that defendants breached their duty. Plaintiff seeks damages from defendants for these actions.

ELEVENTH CAUSE OF ACTION

Plaintiff restates and realleges all allegations of paragraphs 1 through 24 and states that defendants violated NYCPL 160.50. Plaintiff seeks damages from defendants for these actions.

WHEREFORE, Plaintiff demands judgment against Defendants in the sum of $50,000,00 for each cause of action plus interest from May 2004 , legal fees, attorneys' fees, compensation for Plaintiff's time on this case and the underlying case , costs and disbursements on this case and the underlying case filed,  $50,000,00 in punitive damages and  any further relief the court deems just and proper.

Marcia Rafter    1/19/2012
P.O. Box 6135
Denver, CO 80206

Dated: 1/19/2012
Denver County, CO